IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOEL TYLER RICHARDSON, #204268**                  **PLAINTIFF**

**v.**                             **CAUSE NO.   1:21-cv-110-LG-RPM**

**JACKSON COUNTY ADC, et al.**                         **DEFENDANTS**

## ORDER OF PARTIAL DISMISSAL

**BEFORE THE COURT** is Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, supplemented by his [16] [18] [21] Responses to the Court's [15] [17] [20] Orders requiring him to expand on and provide a factual basis for his claims. Plaintiff is incarcerated at the Kemper-Neshoba County Correctional Facility in Dekalb, Mississippi.   Plaintiff names Jackson County Adult Detention Center ("ADC"), Sheriff Mike Ezell, Lieutenant Mitchell McMillian, Captain Tyrone Nelson, and Jackson County, Mississippi, as Defendants.   (Compl., 1-3, ECF No. 1; Order, 1, ECF No. 22).

Plaintiff alleges that while incarcerated in the Jackson County Detention Center in November 2020 he suffered sleep deprivation because the lights remained on 24-hours a day.   (Compl., 4-5, ECF No. 1).   As result of sleep deprivation, Plaintiff complains that he developed headaches and that he was denied medical care.   (*Id.* at 5).   Plaintiff states that Defendants Sheriff Ezell, Lieutenant McMillian, and Captain Nelson were aware that the lights remained on 24-hours a day.   (Pl.'s Resp., 1, ECF No. 18).   As for his claim concerning the delay in having the lights repaired against Jackson County, Mississippi, Plaintiff seems to assert

that it was the result of the policies, practices, and customs implemented by Jackson County, Mississippi.  (Pl.'s Resp., 2, ECF No. 21).

## I. Analysis

To have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States, and that the person depriving Plaintiff of this right acted under color of state law.  *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).  The Jackson County ADC is not a "person" subject to suit within the meaning of 42 U.S.C. § 1983.  *See, e.g.*, *Miley v. Jones Cnty. Jail*, 2007 WL 2159334, at *8 (S.D. Miss. July 25, 2007) ("a jail is not a legal entity capable of being sued and is not a proper defendant in a Section 1983 lawsuit, as it is not a 'person' within the meaning of that statute"); *Carlisle v. Rayburn Correctional Ctr.*, 2007 WL 550054, at * 2 (E.D. La. Feb. 16, 2007) (stating that "[a] prison is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983") (citations omitted).  Therefore, the § 1983 claims against Jackson County ADC should be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's claims against Jackson County Adult Detention Center are **DISMISSED WITH PREJUDICE**.  A separate order directing process to issue for the remaining Defendants will be entered.

**SO ORDERED AND ADJUDGED** this the 24th day of November, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE