UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JOEL TYLER RICHARDSON | PLAINTIFF |
| VERSUS | CIVIL ACTION NO.1:21-CV-110-RPM |
| JACKSON COUNTY, MISSISSIPPI, ET AL. | DEFENDANTS |

## MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Joel Tyler Richardson ("Richardson"), proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint on April 6, 2021. Doc. [1]. Richardson brings a single condition-of-confinement claim concerning his incarceration at the Jackson County Adult Detention Center from October 17, 2020, until April 6, 2021, when he was released into the custody of the Mississippi Department of Corrections ("MDOC"). Specifically, he alleges the jail had a policy of constant lighting in the cells. *Id*. He alleges the lighting resulted in migraines and stress. The Court conducted a *Spears* screening hearing on April 25, 2022. Defendants Jackson County, Sheriff Mike Ezell, Captain Tyrone Nelson, and Lieutenant Mitchell McMillian ("Defendants") move for summary judgment for Richardson's failure to exhaust administrative remedies. Doc. [34]. Richardson did not file a response to the motion.

I.  APPLICABLE LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v.*

*Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). The movant must "demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law." *Murshid v. King*, No. 3:20-cv-00129-RPM, 2022 WL 4102782, at *1 (S.D. Miss. Aug. 22, 2022). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

The Prison Litigation Reform Act ("PLRA") requires incarcerated and detained persons to exhaust available administrative remedies prior to bringing an action under § 1983. 42 U.S.C. § 1997e(a). In *Tomlin v. Jackson Cnty., Mississippi*, the court explained the MODC administrative remedies process:

> The MDOC has a two-step Administrative Remedy Program ("ARP") to address inmates' complaints regarding their incarceration. *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The ARP requires an inmate to submit a written grievance, and if he is not satisfied with the response to it, he may continue to the second step by submitting the appropriate ARP form. The second step response completes the ARP process, and if the inmate remains unsatisfied, he may then file suit in federal court. *Id.*; *see also, MDOC Inmate Handbook*, Chapter VIII, Administrative Remedy Program. Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement—the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act.

2017 WL 1201756, at *3 (S.D. Miss. Mar. 31, 2017) (citing *Tompkins v. Holman*, 2013 WL 1305580, *2 (S.D. Miss. March 26, 2013)); *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

2

The United States Supreme Court has explained that the PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 127 S. Ct. 910 (2007). The United States Court of Appeals for the Fifth Circuit has held accordingly and clarified that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012). Further, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901, *2 (S.D. Miss. Sept. 11, 2013). *See also Wright*, 250 F.3d at 358 (finding that filing an initial grievance, without more, did not equate to exhaustion).

## II.  DISCUSSION

Richardson testified at the *Spears* hearing that he did not initiate the MDOC ARP process. As Defendants point out in their motion, when Richardson was asked if he filed any grievances concerning the constant lighting, Richardson responded "not at all." Doc. [40]. Further, Defendants provide Richardson's institutional records that indicate Richardson never filed a grievance on the issue. Doc. [39-1]. Thus, the record indicates Richardson failed to properly file a grievance; and thus, failed to exhaust his lighting conditions claim. Moreover, Defendants have put forth probative evidence showing Richardson failed to create any genuine issue of material fact and that he did not comply with the PLRA's mandatory requirements. Richardson did not file a response to Defendants' motion for summary judgment. Thus, he does not offer any evidence to contradict Defendant's summary judgment evidence. Further, the Court does not find any evidence demonstrating a genuine issue of material fact. In fact, Richardson's own testimony at the *Spears* hearing indicates that he prematurely filed a § 1983 action and; thus, this action is not exhausted.

3

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment be GRANTED. This civil action is DISMISSED WITHOUT PREJUDICE as to all claims and all Defendants, this the 2nd day of November 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE